SCOTT, J.
This was a suit by petition in debt on three promissory notes, “executed by Taylor to Morris Block, and by him assigned to the plaintiff. The notes were not negotiable. The defense was'the plea of a former judgment for the defendant. Verdict and judgment for plaintiff. Morris Block assigned the notes sued, on in blank, and placed, them in the hands of a justice of the peace, who brought two suits on them in' the name of Thomas H. Larkin, assignee of Morris Block. The transcript of the justice states that the parties appeared and entered into trial, and the jury rendered the following verdict: “We, the jury, find for the defendant.” The transcript continues : “Therefore the court does now here consider and adjudge that the defendant do have and recover his costs and charges of and against said plaintiff in this behalf expended, and that he have execution thereof, and leave is given plaintiff to withdraw his action.” The plaintiff in the action was defeated not on the merits, hut because the assignment was in blank. The justice of the peace was examined, from whose testimony the foregoing facts are ascertained.
There is no doubt that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea or bar ; or, as evidence conclusive, between the same parties, upon the same matter, directly in question in another court. But in order to constitute the former judgment a complete bar; .it must appear to have been a decision on the merits ; and this will be sufficient, though the declaration were essentially defective, so that it would have been adjudged had on demurrer. But if the trial went off on a technical *67 defect, or because tbe debt was not due, or because the court had not jurisdiction, or because of a temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action.(a) These principles will settle this controversy. The justice improperly commenced the suit in the name of Larkin. The legal title to the instruments sued on was in Block, and not in Larkin. The blank assignment was a mere authority in any one to whom the notes were passed to fill it up, but until that was done, the title was in Block. Whatever may be the effect of a blank indorsement of negotiable paper elsewhere, the foregoing is well established law in this State as to the assignment of paper not negotiable. Wiggins v. Rector’s Ex’r, 1 Mo. R. 478 ; Menard v. Wilkinson, 1 Mo. R. 92.(b)
The case, then, is simply this, a person gets in possession a note of mine and brings suit on it when he has no right 'to maintain it, and is defeated for that reason; and afterwards acquiring a right to the note, institutes his action. In such case, on no principle of justice can the defense of a former judgment for the defendant, be sustained.
Taking the whole entry of the justice together, we think it may be construed into a judgment of non-suit, which is no bar to a second action for the same cause. Justices are not skilled in the law. Their proceedings should be viewed liberally. The act, though informal, clearly shows it was intended as the entry of a non-suit. To require formal judgments from justices of the peace, would lead to a great perversion of law and justice.
There was no error in permitting the justice to testify. His evidence was admissible to show the grounds on which the cause was determined. New England Bank v. Lewis et al. 8 Pick. If the testimony of the justice was out of the cause, all ground on which the defendant could stand, would be removed, as it does not otherwise appear that there was a blank assignment on the notes on which the suits were instituted. The other Judges concurring, the judgment will be affirmed.

 See McKnight v. Taylor, 1 Mo. R. 282, and note; Garnett v. Stacy, 17 Mo. R. 603.

 See Morrison v. Smith et al., 13 Mo. R. 234; Boeka v. Nuella, 28 Mo. R. 180; Bennett v. Pound, 28 Mo. R. 599; Lewis v. Brown, 29 Mo. R. 202; Willard v. Moies, 30 Mo. R. 142. See also, Odell v. Presbury, 13 Mo. R. 330; Muldrow v. Agnew, 11 Mo. R. 616.